J. Joseph Bainton (JB-5934)
John G. McCarthy (JM-2635)
BAINTON MCCARTHY LLC
Attorneys for Defendant
Crown Equipment Corporation
26 Broadway, Suite 2400
New York, New York 10004
Tel:  (212) 480-3500
Fax: (212) 480-9557



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MILTON PRIMER,                                    :

                    Plaintiff,              :

    - against -                                         :   **NOTICE OF REMOVAL**

CROWN EQUIPMENT CORPORATION,         :

                    Defendant.           :
------------------------------------------------------------------X

        PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Crown Equipment Corporation ("Crown") files its notice of removal of this action to this Court from the Supreme Court of the State of New York, County of New York and states:

        1.     This is a civil action of which the United States District Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

        2.     Complete diversity exists between the plaintiff and Crown and the amount in controversy exceeds $75,000, exclusive of interest and costs.

        3.     Plaintiff is a natural person who, upon information and belief, was at the time of the commencement of this action, and is, a citizen of the State of New York and resident of the County of Nassau, State of New York.

        4.     Crown was at the time of the commencement of this action, and is, a citizen of the State of Ohio because it is a corporation duly organized and existing under the laws of the State of Ohio, with its principal place of business in New Bremen, Ohio.

5. This action was commenced not earlier than May 14, 2008, when the plaintiff filed the Summons and Verified Complaint with the Supreme Court of the State of New York, County of New York. A copy is attached hereto as Exhibit A.

6. The time for Crown to respond to the verified complaint has not yet run.

7. Crown received a copy of the Summons and Verified Complaint on or about May 28, 2008.

8. Thus, Crown has timely filed its notice of removal (a) within 30 days of receiving a paper from which it could first be ascertained that this action is one which is removable and (b) within one year after commencement of this action.

9. The exhibit attached hereto contains all process, pleadings and orders heretofore served upon Crown in this action.

Dated: New York, New York
June 2, 2008

BAINTON MCCARTHY LLC

By: _____
J. Joseph Bainton (JB-5934)
John G. McCarthy (JM-2635)

*Attorneys for Defendant*
Crown Equipment Corporation
26 Broadway, Suite 2400
New York, New York 10004-1840
(212) 480-3500

To: Steven Seener, Esq.
SEENER & SEENER
*Attorneys for Plaintiff*
11 Park Place, 10th Floor
New York, New York 10007
(212) 766-2050

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
                                              INDEX NO. 106695/08
-----------------------------------------x   Plaintiff(s)
MILTON PRIMER,                                designates
                        Plaintiff,            New York County
                                              as the place of
                                              trial.
        -against-                             The basis of
                                              venue is
                                              Defendant's place of
                                              business and offices.

CROWN EQUIPMENT CORPORATION,                  **SUMMONS WITH NOTICE**
                                              Plaintiff resides at
                                              260 HENRY ST.
                                              HEMPSTEAD, N Y 11550
                        Defendant.            County of NASSAU
-----------------------------------------x

TO THE ABOVE NAMED DEFENDANT:

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York          STEVEN SEENER, ESQ.
       May 13, 2008                SEENER & SEENER
                                   Attorneys for the
                                   Plaintiff(s)
                                   Office & P.O. Address
                                   11 Park Place
                                   10th Floor
                                   New York, New York 10007
                                   (212) 766-2050

Defendant(s) address:
Crown Equipment Corporation : C/O
C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011   and   New Bremen, Ohio 45869

Notice: The nature of this action is TORT AND PERSONAL INJURIES; products liability action
The relief sought is monetary damages.

Upon your failure to appear, judgment will be taken against you by default for an amount to be determined by a trier of fact or jury with interest from May 23, 2005 and the costs of this action.

*Index number purchased and summons and complaint filed:* 5/14/08

NEW YORK
COUNTY CLERK'S OFFICE

MAY 14

NOT COMPARED
WITH COPY FILE

MAY 14 2008

NOT COMPARED
WITH COPY FILE

*Served via CT Corp on 5/28/08*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------X  Index No. 106695/0?
MILTON PRIMER,

                Plaintiff,

                                      <u>VERIFIED COMPLAINT</u>

    -against-

CROWN EQUIPMENT CORPORATION,
                Defendant.
-----------------------------------------X

    Plaintiff, by his attorneys, SEENER & SEENER, complaining of the defendant, respectfully alleges upon information and belief the following:

### AS AND FOR A FIRST CAUSE OF ACTION

1. That at all times hereinafter mentioned, the plaintiff, MILTON PRIMER, was and still is a resident of the County of Nassau, and State of New York.

2. That at all times hereinafter mentioned the defendant, CROWN EQUIPMENT CORPORATION, (hereinafter referred to as "CROWN") was and still is a domestic corporation duly authorized to do business in the State of New York.

3. That at all times hereinafter mentioned the defendant, CROWN, was and still is a foreign corporation duly authorized to do business in the State of New York.

4. That at all times hereinafter mentioned the defendant, CROWN, was and still is a foreign corporation that transacted and transacts business in the State of New York through the manufacture, sale and/or distribution of equipment and through advertisement, contract and/or solicitation of business.

5. That upon information and belief, and at all times hereinafter mentioned, the defendant, CROWN, was engaged in the manufacture, sale and distribution of equipment utilized in furniture warehouses such as plaintiff's employer, Maurice Villency, Inc., in New York State and/or conducted and conducts advertising, contracting and solicitation of business in New York State.

6. That at all times hereinafter mentioned the defendant, CROWN, was and still is engaged in the business of manufacturing, distributing and selling equipment to ultimate consumers and in particular a Forklift or High/low machine owned by the plaintiff's employer, Maurice Villency, Inc. as hereinafter alleged and bearing serial number 1A107912, Truck type-E.

7. That at all times hereinafter mentioned the plaintiff's employer, Maurice Villency, Inc. purchased and/or leased and received delivery of the above described forklift or High/low machine described above from the defendant, CROWN, for the use in moving, lifting and retrieving furniture at its warehouse.

8. That on or about the 23rd day of May, 2005 at the warehouse where the plaintiff, Milton Primer, was employed the plaintiff was attempting to operate the forklift or High/low machine described above; at that time and place the machine unexpectedly fell forward and failed to adequately hold the weight of the plaintiff and the furniture on the forklift or

High/low machine.

9. That as a direct result, the plaintiff was thrown from or dropped from a significant height while operating the forklift or High/low machine and violently landed on the ground below.

10. That as a result thereof, the plaintiff, MILTON PRIMER, was seriously, severely, and permanently injured.

11. That the said occurrence and serious and severe injuries sustained by this plaintiff, MILTON PRIMER, were occasioned solely through the negligence of the defendant and without any negligence on the part of the plaintiff, MILTON PRIMER, in any manner contributing thereto.

12. That the aforesaid occurrence, accident and resulting injuries were all due to the negligence of the defendant, its employees, agents and officers in the ownership, operation, maintenance and/or control of the manufacturing process; in failing to use due care in the construction of the forklift or High/low equipment; in improperly testing the materials and weight worthiness of the equipment; in manufacturing the equipment in a careless manner; in failing to test or adequately test the equipment and various parts of the equipment; in failing to test whether or not the equipment was strong enough, durable and safe; in failing to ensure that the equipment was safe for people to work or stand upon; in that the defendants were careless, reckless and negligent in the manufacture, distribution and/or sale of the aforementioned equipment; in the manufacture,

sale and distribution of the forklift or High/low equipment; in the manufacture, sale and distribution of the forklift or High/low equipment with defective parts; in improperly assembling and manufacturing the forklift or High/low equipment; in using defective parts, materials, components and design in the manufacture of the forklift or High/low equipment; in failing to use due care and caution in the manufacture and testing of the materials of which the forklift or High/low equipment was made; in failing to determine whether or not the various parts of the equipment were strong enough, durable and safe before placing it on the market for sale to the general public; in permitting the equipment to be sold with defective parts when the defendant knew or had reason to know that the equipment constituted a dangerous instrumentality; in using defective components; in failing to discover the malfunctioning of the aforesaid equipment; in manufacturing a defective tool or instrumentality for the use intended; in failing to properly inspect and test the equipment after its manufacture; in improperly constructing and installing defective parts; in failing to conduct proper tests and inspections of the forklift or High/low equipment before placing it on the market for sale to the general public; in failing to adequately design the equipment; in improperly constructing parts before installing them; in failing to discover the malfunction of the design and parts; in failing to recall the equipment; in failing to use due care and caution; in failing to warn; in

falsely representing that the equipment was capable to bearing heavy loads; in violating the laws, rules, regulations and statutes of the U.S. Government, the State of New York, County of Nassau and in failing to follow industry standards; in addition the plaintiff reserves the right to rely on the doctrine of res ipsa loquitur at the time of trial.

13. That the said defective equipment was caused by faulty workmanship of the defendant.

14. That the said defective condition could and should have been discovered in the exercise of ordinary care before the equipment was delivered to the ultimate purchasers.

15. That the said defective equipment was so defectively constructed and assembled by reason of the facts alleged above that it was dangerous to operate.

16. That as a result of the aforesaid occurrence the plaintiff, MILTON PRIMER, sustained personal injuries and protracted personal injuries, great physical pain and disfigurement, mental anguish and multiple fractures; plaintiff was rendered sick, sore, lame and disabled and continues to be and will be sick, sore and lame in the future.

17. That as a result of the foregoing, the plaintiff, has sustained a serious injury as defined in subsection (d) of section five thousand one hundred two of the Insurance Law of the State of New York and/or economic loss greater than basic economic loss, as defined in subsection (a) of section five

thousand one hundred two of the Insurance Law of the State of New York.

18. That by reason of the foregoing the plaintiff sustained severe personal injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof, some of these injuries being of a permanent and lasting nature and causing plaintiff to be incapacitated from her usual vocation and avocation and to undergo extensive medical care, attention, hospitalization and medical treatment all to his damage in an amount which exceeds the jurisdictional limits of the lower courts that would otherwise have jurisdiction.

19. That this action falls within one or more of the exceptions set forth in C.P.L.R. Section 1602.

## AS AND FOR A SECOND CAUSE OF ACTION

20. Plaintiff repeats, reiterates and realleges each and every allegation of the within complaint numbered "1" through and including "19" as though fully set forth at length herein.

21. That the existence of the defective parts and design was a substantial factor in bringing about the aforementioned injuries to the plaintiff, MILTON PRIMER.

22. That at the time of the injury, the aforesaid equipment was being used and/or operated in the manner reasonably intended.

23. That the plaintiff, MILTON PRIMER, by reasonable care could not have discovered the defective condition of the aforesaid equipment or perceived the dangers or averted the

damages.

24. Upon information and belief the accident was caused wholly and solely by the negligence, carelessness and recklessness of the defendants by:

   a. negligently and carelessly designing the product;

   b. negligently and carelessly failing and neglecting to anticipate the dangers and defects in the designing of the product;

   c. negligently and carelessly constructing a product;

   d. negligently and carelessly causing, permitting or allowing the distribution of the product;

   e. negligently and carelessly designing, constructing and distributing a product with latent, inherent and hidden defects;

   f. negligently and carelessly failing to give warning to users of the product's hidden, latent and inherent dangers;

25. The accident, injuries and damages were caused wholly and solely by the negligence, recklessness on the part of the ~~plaintiff, Milton Primer.~~ Defendant.

26. That by reason of the foregoing, the defendants and/or each of them, have become strictly liable to the plaintiff, Milton Primer.

27. That by reason of the foregoing the plaintiff sustained severe personal injuries and has been caused to suffer severe physical pain and mental anguish and damages in an amount which exceeds the jurisdictional limits of the lower courts that would

otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION

28. Plaintiff repeats, reiterates and realleges each and every allegation of the within complaint numbered "1" through and including "27" as though fully set forth at length herein.

29. Upon the sale of the aforedescribed equipment the defendants impliedly warranted that the equipment was merchantable, suitable and safe for its intended purpose.

30. The aforedescribed equipment was in fact not of merchantable quality or suitable and safe for its intended purpose as warranted but on the contrary, the aforedescribed equipment's defect in workmanship and material, caused plaintiff, Milton Primer, to sustain injuries as described above.

31. That by reason of the foregoing the plaintiff sustained severe personal injuries and has been caused to suffer severe physical pain and mental anguish and damages in an amount which exceeds the jurisdictional limits of the lower courts that would otherwise have jurisdiction.

WHEREFORE, on the First, Second and Third Causes of Action plaintiff, demands judgment against the defendant in a sum which exceeds the jurisdictional limits of all the lower courts;  the

amount of damages will be determined by the jury or trier of fact at the time of trial together with the interest, costs and disbursements of this action.

Dated: New York, New York
       May 13, 2008

                        Yours, etc.,

                                        STEVEN SEENER, ESQ.
                                        SEENER & SEENER
                                        Attorneys for Plaintiff
                                        MILTON PRIMER
                                        11 PARK PLACE 10TH FLOOR
                                        New York, New York  10007
                                        (212) 766-2050

ATTORNEY'S VERIFICATION

The undersigned, an attorney duly admitted to practice law before the courts of the State of New York, shows that affirmant is a partner in the firm of SEENER AND SEENER, attorneys of record for the Plaintiff(s) in the within action, that affirmant has read the foregoing **complaint** and knows the contents thereof; that the same is true to the affirmant's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes it to be true.

Affirmant further says that the reason this verification is made by affirmant and not by said Plaintiff(s) is that Plaintiff(s) are not residents of the County in which affirmant maintains his office.

Upon information and belief, the grounds for the affirmant's knowledge are as follows: Document's in affirmant's file.

The affirmant affirms the truth of these matter upon information and belief, under the penalties of perjury.

Dated: May 13, 2008

_____
STEVEN SEENER ESQ.