J. Joseph Bainton (JB-5934)
John G. McCarthy (JM-2635)
Carmine J. Castellano (CC-8484)
BAINTON MCCARTHY LLC
Attorneys for Defendant
Crown Equipment Corporation
26 Broadway, Suite 2400
New York, New York 10004
Tel:  (212) 480-3500
Fax: (212) 480-9557

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MILTON PRIMER,                                                    :

                Plaintiff,                     :    08 Civ. 5032 (SAS) (THZ)
                                               ECF Case
   - against -                                                    :
                                               **VERIFIED ANSWER**
CROWN EQUIPMENT CORPORATION,                                      :

                Defendant.                     :
------------------------------------------------------------------X

        Defendant Crown Equipment Corporation ("Crown") by its attorneys, Bainton McCarthy LLC, for its answer to the verified complaint of plaintiff (the "Complaint"):

### FIRST CAUSE OF ACTION

        1.    States that it lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the Complaint.

        2.    Denies the truth of the averments contained in paragraphs 2 through 4 of the Complaint, except states that Crown is a corporation duly organized and existing under the laws of the State of Ohio, with its principal place of business in New Bremen, Ohio.

        3.    Denies the truth of the averments contained in paragraphs 5 through 7 of the Complaint, except states that Crown is in the business of designing, manufacturing and selling lift trucks and that it manufactured and sold a Crown Model 30SP42TT Stockpicker, Serial Number 1A107912 to Maurice Villency, Inc., on or about March 20, 2000.

4. States that it lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 8 through 11 of the Complaint.

5. Denies the truth of the averments contained in paragraphs 12 through 15 of the Complaint.

6. States that it lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 16 through 19 of the Complaint, except denies that it was negligent.

## SECOND CAUSE OF ACTION

7. Repeats and reavers all averments contained in paragraphs 1 through 19 hereof in response to paragraph 20 of the Complaint.

8. Denies the truth of the averments contained in paragraph 21 of the Complaint.

9. States that it lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22 of the Complaint.

10. Denies the truth of the averments contained in paragraphs 23 through 27 of the Complaint.

## THIRD CAUSE OF ACTION

11. Repeats and reavers all averments contained in paragraphs 1 through 19 and 21 through 27 hereof in response to paragraph 28 of the Complaint.

12. States that the averments contained in paragraph 29 of the Complaint state a legal conclusion to which a response is not required. To the extent a response is deemed required, Crown denies the truth of the averments therein.

13. Denies the truth of the averments contained in paragraphs 30 through 31 of the Complaint.

## FIRST DEFENSE

14. To the extent that plaintiff may have suffered the injuries of which he complains, such injuries are attributable wholly or partially to plaintiff's own culpable conduct, and any damages which might otherwise be found to be recoverable from Crown should be diminished in the proportion which his culpable conduct bears to the culpable conduct which caused the damages.

## SECOND DEFENSE

15. All of the injuries alleged in the Complaint occurred, in whole or in part, as the result of the assumption of risks by plaintiff of which he was or should have been aware.

## THIRD DEFENSE

16. All of the injuries alleged in the Complaint occurred, in whole or in part, as the result of the operator's intentional, knowing, reckless or negligent misuse of the product that is alleged to have caused plaintiff's injury.

## FOURTH DEFENSE

17. All of the injuries alleged in the Complaint occurred, in whole or in part, as the result of a superseding, intervening cause and not as a result of any conduct, culpable or otherwise, on the part of Crown.

## FIFTH DEFENSE

18. Notwithstanding that Crown has denied liability herein, if liability is found as against defendant Crown, such liability shall be fifty percent or less of the total liability of all persons liable. The liability of Crown for the plaintiff's non-economic loss shall not exceed

Crown's equitable share in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

## SIXTH DEFENSE

19.    Some or all of plaintiff's causes of action are barred under the applicable statute of limitations.

WHEREFORE, Crown demands judgment dismissing the plaintiff's complaint, or, in the alternative, that plaintiff's damages be dismissed in the proportion to which the culpable conduct attributable to plaintiff bears to the culpable conduct which caused the damages.

Dated: New York, New York
      June 4, 2008

BAINTON MCCARTHY LLC

By: _____
J. Joseph Bainton (JB-5934)
John G. McCarthy (JM-2635)
Carmine J. Castellano (CC-8484)

*Attorneys for Defendant*
*Crown Equipment Corporation*
26 Broadway, Suite 2400
New York, New York 10004-1840
(212) 480-3500

To:    Steven Seener, Esq.
       SEENER & SEENER
       *Attorneys for Plaintiff*
       11 Park Place, 10th Floor
       New York, New York 10007
       (212) 766-2050

## VERIFICATION

I, J. Joseph Bainton, the undersigned, am an attorney admitted to practice in the courts of New York State, and I am one of the attorneys of record for defendant Crown Equipment Corporation. I have read the annexed answer and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: Investigative material contained in my file.

The reason I make this affirmation instead of Crown is that said defendant's place of business is not located in the County in which I maintain my office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: New York, New York
       June 4, 2008

_____
J. Joseph Bainton

## CERTIFICATE OF SERVICE

I, Peter H. Choi, hereby certify that on June 4, 2008, I caused a true and correct copy of the foregoing *Crown's Verified Answer* to be served upon counsel for Plaintiff, via ECF and first-class mail, addressed as follows:

>Steven Seener, Esq.
>SEENER & SEENER
>11 Park Place, 10th Floor
>New York, NY 10007

Dated: New York, New York
      June 4, 2008



Peter H. Choi