J. Joseph Bainton (JB-5934)
John G. McCarthy (JM-2635)
BAINTON MCCARTHY LLC
Attorneys for Defendant
Crown Equipment Corporation
26 Broadway, Suite 2400
New York, New York 10004
Tel:  (212) 480-3500
Fax: (212) 480-9557



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MILTON PRIMER,                                                    :

                Plaintiff,            :     **SCHEDULING ORDER**

  - against -                                                     :     08 Civ. 5032 (SAS) (THZ)
                                              ECF Case
CROWN EQUIPMENT CORPORATION,                                      :
                                              **Conference Date:  July 2, 2008**
                Defendant.            :
------------------------------------------------------------------X

       WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16 (b) on July 2, 2008 (the Order); and

       WHEEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

       NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

       1.    <u>Date of the conference and the appearances for the parties:</u>

Conference date: July 2, 2008

Attorneys For Plaintiff:

Steven Seener, Esq.
Seener & Seener
11 Park Place
New York, NY 10007
Telephone:  (212) 766-2050

Attorneys for Defendant Crown Equipment Corporation ("Crown"):

J. Joseph Bainton, Esq.
Bainton McCarthy LLC
26 Broadway
New York, NY 10004-1840
Telephone: (212) 480-3500

2. <u>Concise statement of the issues as they now appear:</u>

    Whether the Crown lift truck was defective in its design because it was improperly designed to hold the weight of the load.

    Whether Crown was negligent because it improperly designed the lift truck that would not hold the weight of the load.

    Whether the culpable conduct of Plaintiff was entirely or partially a cause of his damages?

    Whether Plaintiff assumed the risk of the circumstances giving rise to his damages.

    Whether Plaintiff's damages were the result of his intentional, knowing, reckless or negligent misuse of the Crown product.

    Whether Plaintiff's damages occurred, in whole or in part, as the result of a superseding, intervening cause and not as a result of any conduct, culpable or otherwise, on the part of Crown.

3. <u>Schedule:</u>

    (a)     <u>The names of persons to be deposed and a schedule of planned depositions:</u>

Plaintiff will be deposed on or before July 30, 2008

Crown will be deposed on or before August 30, 2008, by a person with knowledge about those aspects of the design of the lift truck of the type involved in this action as relates to its ability to raise a load of a specific size and weight to a specific height without tipping over.

The parties are not aware of the identity of any eye witnesses.

Crown reserves the right to depose Plaintiff's employer.

Both parties reserve the right to depose any other witnesses as discovery may reveal possess relevant knowledge.

(b) <u>Production of documents:</u>

Plaintiff will produce all documents on or before July 8, 2008, and will at the same time provide Crown with all applicable releases relating to his medical and employment records.

Crown will produce its documents on or before July 15, 2008.

(c) <u>Expert Reports:</u>

Plaintiff will produce its expert reports by September 30, 2008;

Plaintiff's experts will be deposed by October 30, 2008;

Crown will produce its expert reports by ~~November 30,~~ 2008; [Oct 15 handwritten]

Crown's experts will be deposed by ~~December 30,~~ 2008; [Nov. 15 handwritten]

The parties will jointly supplement their expert disclosures by ~~January 15, 2009~~; [Dec 1 handwritten]

(d) Discovery is to be completed by ~~January 15, 2009~~; [Dec. 1 handwritten]

(e) Plaintiff will supply its pre-trial order matters to defendant by ~~January 30, 2008~~; [1/5 handwritten]

(f) The parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and proposed voir dire questions and proposed jury instructions on ~~February 14,~~ 2009; and [1/20 handwritten]

3

      (g)    A final pre-trial conference pursuant to Fed. R. Civ. P. 16(d) will be held on _Dec 17 at 4:30_.

4.    The parties do not at this time anticipate any limitations need be placed on discovery, including any protective or confidentiality orders;

5.    There are no discovery issues at this time at to which counsel were unable to reach an agreement, however, Crown respectfully requests that Plaintiff's Counsel be ordered to participate in the Court's ECF System;

6.    Anticipated fields of expert testimony, if any:

Lift Truck Design

7.    Anticipated length of trial and whether to court or jury:

The parties anticipate a jury trial of less than five days.

8.    This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference of when justice so requires.

9. Names, addresses, phone numbers and signatures of counsel:

Attorneys For Plaintiff:

Steven Seener, Esq.
Seener & Seener
11 Park Place
New York, NY 10007
Telephone: (212) 766-2050

Attorneys for Defendant:

J. Joseph Bainton, Esq. (JB-5934)
John G. McCarthy, Esq. (JM-2635)
Bainton McCarthy LLC
26 Broadway
New York, NY 10004-1840
Telephone: (212) 480-3500

So Ordered:

_____
SHIRA A. SCHEINDLIN    7/2/08